# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**LAMAR D. WILSON,**                                                                                  **PLAINTIFF**
**ADC #161545**

v.                         **Case No. 4:17-cv-00024-KGB**

**MARCIA R. HEARNSBERGER,** *et al.*                                                   **DEFENDANTS**

## <u>ORDER</u>

Plaintiff Lamar D. Wilson is a prisoner in the Arkansas Department of Correction. He has filed a *pro se* complaint alleging claims pursuant to 42 U.S.C. § 1983 against Circuit Court Judge Marcia Hearnsberger, Deputy Prosecutor Joe Graham, and Dale Adams, the public defender who represented Mr. Wilson during his state court proceedings, in their official and individual capacities (Dkt. No. 2). Mr. Wilson alleges that Mr. Graham "refused to correct legal errors of injustice" and that Judge Hearnsberger "accepted a coerced plea agreement." (*Id.*, at 4). Mr. Wilson further alleges that Mr. Adams, his attorney, "denied [him] information . . . ." (*Id.*). For relief, he asks the Court for "full reversal of this injustice and my reputation restored," and he asks that defendants "be removed" and have their licenses removed (*Id.*). Also, pending before the Court is Mr. Wilson's motion for leave to proceed *in forma pauperis* (Dkt. No. 1), Mr. Wilson's motion for a status update (Dkt. No. 3), and his motion to dismiss this action (Dkt. No. 5).

The Court grants Mr. Wilson's motion for leave to proceed *in forma pauperis* (Dkt. No. 1) and grants Mr. Wilson's motion to dismiss voluntarily this action (Dkt. No. 5). Even if Mr. Wilson did not move to dismiss voluntarily this action, for the reasons that follow, this Court would dismiss the complaint on screening pursuant to the Prison Litigation Reform Act ("PLRA").

## I. *In Forma Pauperis* Application

Under the PLRA, a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). During his detention, Mr. Wilson submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a) (Dkt. No. 1). Accordingly, Mr. Wilson's motion to proceed *in forma pauperis* is granted. Based on the information contained in Mr. Wilson's application, and given the circumstances of this case, the Court will not assess an initial partial filing fee.

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The *in forma pauperis* statute also imposes these standards for dismissal. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In reviewing the sufficiency of a *pro*

*se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985).

      A.      **Background**

Mr. Wilson's claims center around his trial and plea agreement in state court (Dkt. No. 2, at 4-5). He alleges that he had one charge, rape, and that, after the trial, Judge Hearnsberger improperly "offered 2nd degree sexual assault and sexual indecency with a child as lessors." (*Id.*, at 4). He further alleges that he was acquitted on the rape charge and found guilty of the lessor included offenses, though the sexual indecency charge was set aside after the jury's decision (*Id.*). Mr. Wilson next alleges that Judge Hearnsberger "refused the pronouncement of jury reading . . . ." (*Id.*). Mr. Wilson also alleges that deputy prosecutor Mr. Graham "refused to correct legal errors of injustice" and that Judge Hearnsberger "accepted a coerced plea agreement." (*Id.*, at 4). Mr. Wilson further alleges that Mr. Adams, Mr. Wilson's public defender, "denied [him] information . . . ." (*Id.*).

Mr. Wilson sued Mr. Adams, Judge Hearnsberger, and Mr. Graham in their official and individual capacities (Dkt. No. 2). For relief, he asks the Court for "full reversal of this injustice and my reputation restored," and he asks that defendants "be removed" and have their licenses revoked (*Id.*). For the reasons set out below, Mr. Wilson has failed to state a claim on which relief may be granted. Therefore, based on screening, this Court dismisses without prejudice his claims against all defendants.

**B. Discussion**

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution of the laws of the United States. 42 U.S.C. § 1983. Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**1. Claims Against Public Defender Dale Adams**

Mr. Wilson's § 1983 claims against his public defender, Mr. Adams, in his official and individual capacities must be dismissed. Actions brought pursuant to § 1983 may only be filed against a "state actor" or a person acting under "the color of state law." *See* 42 U.S.C. § 1983; *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 830 (8th Cir. 2005). Private attorneys and public defenders, such as defendant Mr. Adams, when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding, do not fall under that definition. *Polk Cnty. v. Dodson,* 454 U.S. 312 (1981); *Miller v. Compton*, 122 F.3d 1094 (8th Cir. 1997). Mr. Wilson alleges that Mr. Adams denied him certain information during the course of Mr. Wilson's criminal proceeding (Dkt. No. 2, at 4). The alleged actions, accepted as true, fall within a lawyer's traditional functions in a criminal proceeding. Thus, Mr. Wilson's § 1983 claims against Mr. Adams in his individual and official capacities are dismissed without prejudice.

**2. Individual Capacity Claims Against Circuit Judge Marcia Hearnsberger**

Mr. Wilson's claims for injunctive and declaratory relief against Judge Hearnsberger in her individual capacity are barred by absolute judicial immunity. *VanHorn v. Oelschlager*, 502 F.3d 775, 779 (8th Cir. 2007) (quasi-judicial immunity is only extended to defendants sued in their individual capacities). Judges are entitled to absolute immunity when they act in their judicial

capacity, unless their actions are taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Maness v. Dist. Court of Logan Cnty.,* 495 F.3d 943, 944 (8th Cir. 2007). Importantly, this rule applies even if a judge acts in error, with malice, or in excess of jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). Section 1983 specifically states that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity." *Simes v. Ark. Judicial Discipline and Disability Com'n*, No 4:10-cv-01047, 2012 WL 4460264, at *7 (E.D. Ark. Sept. 27, 2012). Further, judicial immunity bars declaratory relief where a litigant "seeks only a declaration of past liability, not a declaration of future rights . . . ." *Id*. at *8 (citing *Lawrence v. Kuenhold* 271 Fed. App'x 763, 766 n. 6 (10th Cir. 2008)). Mr. Wilson seeks a declaration from the Court that he is innocent of the charges brought against him and on which he was tried. Such a declaration refers to past liability, not future rights, so his requested relief is barred. Thus, Mr. Wilson's claims for injunctive and declaratory relief against defendant Judge Marcia Hearnsberger in her individual capacity are barred by absolute judicial immunity.

### 3. Individual Capacity Claims Against Deputy Prosecutor Joe Graham

Mr. Wilson's claims for injunctive and declaratory relief against deputy prosecutor Mr. Graham in his individual capacity must be dismissed. It is well established that a prosecutor is absolutely immune from an individual-capacity suit for damages for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Prosecutors do not, however, receive absolute immunity from declaratory and injunctive relief claims. *Simes*, 2012 WL 4469264, at *7 (citing *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam)). To receive declaratory or injunctive relief, Mr. Wilson must demonstrate that there is a serious risk of irreparable injury if the relief is not granted and the absence of an adequate remedy at law.

Here, based on the relief he seeks, Mr. Wilson must seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in order to challenge the legality of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 483 (1973). Further, the Court finds that Mr. Wilson has not alleged sufficient facts to support his claim that Mr. Graham should have his license to practice law revoked. Finally, Mr. Wilson's request for declaratory relief to "restore" his reputation must be barred because that type of relief goes to Mr. Wilson's past liabilities rather to any future rights. *See Andrews v. Hans-Greco*, 641 Fed. App'x 176, 181 (3rd Cir. 2016) (concluding that complaint sought retrospective relief where claims focused on documents already submitted and already denied) (citation omitted); *see also Vreeland v. Griggs*, No. 12-cv-01921, 2014 WL 1363932, at *1 (D. Colo. Apr. 7, 2014) (finding that issuing an opinion that the defendant wrongly harmed plaintiff is an impermissible retrospective declaration). Thus, for these reasons, Mr. Wilson's request for declaratory relief against Mr. Graham in his individual capacity is dismissed. *Simes*, 2012 WL 4460264, at *7.

### 4. Official Capacity Claims Against Circuit Judge Marcia Hearnsberger and Deputy Prosecutor Joe Graham

Mr. Wilson's claims for declaratory and injunctive relief against Judge Hearnsberger and Mr. Graham in their official capacities must be dismissed. Mr. Wilson seeks injunctive relief in the form of a "full reversal of this injustice," which the Court interprets as a request for immediate release. Furthermore, Mr. Wilson asks the Court to revoke the "licenses" of Judge Hearnsberger and Mr. Graham. First, Mr. Wilson cannot seek immediate release from confinement via a § 1983 action. The sole remedy for an inmate challenging the constitutionality of his confinement is to seek a writ of habeas corpus pursuant to 28 U.S.C § 2254. *See Preiser*, 411 U.S. at 489. Because Mr. Wilson's claim for immediate release is not available under 42 U.S.C. § 1983, the Court cannot grant the injunctive relief Mr. Wilson seeks. Second, the Court finds that Mr. Wilson has failed to

allege sufficient facts to make a claim that Judge Hearnsberger and Mr. Graham have committed serious misconduct worthy of this Court's sanction. In any event, complaints relating to the conduct of attorneys and members of the judiciary of the State of Arkansas should be directed to the Committee on Professional Conduct and Judicial Discipline and Disability Commission. *See* Ark. R. Prof. Cond. § 7 (2011); Ark. R. Disc. Comm. Rule 6 (2008).

Mr. Wilson's request to have his "reputation restored" is, construed liberally, a request for the Court to grant him declaratory relief against Judge Hearnsberger and Mr. Graham in their official capacities. The Court also denies this claim for relief. Retrospective declaratory relief is unavailable to plaintiffs under § 1983. *Simes*, 2012 WL 4469264, at *8; Lawrence, 271 Fed. App'x at *3. Mr. Wilson's request to "restore" his reputation targets past conduct, namely, his prior conviction. Thus, he seeks prohibited retrospective declaratory relief. *See Andrews*, 641 Fed. App'x at 181. The Court dismisses Mr. Wilson's claim for declaratory relief against Judge Hearnsberger and Mr. Graham in their official capacities.

### 5. *Heck v. Humphrey* Bar

Finally, Mr. Wilson's claims that Mr. Graham and Judge Hearnsberger solicited and accepted a coerced guilty plea should be dismissed because judgment in his favor on these claims would "necessarily imply the invalidity of his conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Simmons v. O'Brien*, 77 F.3d 1093 (8th Cir. 1996). In *Heck*, the Supreme Court held that an action for damages is barred if a judgment in plaintiff's favor would necessarily imply the invalidity of the plaintiff's conviction, continued imprisonment, or sentence and the conviction or sentence has not been reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. *Heck*, 512 U.S. at 486-87. The *Heck* bar applies to claims for equitable relief. *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) ("Under *Heck*, however,

7

we disregard the form of relief sought and instead look to the essence of the plaintiff's claims.") (citations omitted); *see Lawson v. Engleman*, 67 Fed. App'x 524, 526 n. 2 (10th Cir. 2003) (applying *Heck* bar to claims for monetary, declaratory, and injunctive relief). Mr. Wilson seeks a "full reversal of this injustice and [his] reputation restored," a claim for relief that this Court interprets as a request for this Court to declare Mr. Wilson innocent of his state criminal conviction (Dkt. No. 2, at 4). If Mr. Wilson were to receive this relief, then the state court judgment against him would be called into question. *See Harper v. Coffey*, No. 4:15-CV-3033, 2015 WL 4425584, at *3 (D. Neb. July 20, 2015) (holding that *Heck* bar applied where defendant sued prosecutor and state court judge for their actions during defendant's state criminal proceedings.) The Court notes that Mr. Wilson has presented no evidence that his state court conviction has been invalidated in any other forum or by any other means. Therefore, to the extent Mr. Wilson's claims seek relief that would call into question his state court conviction, the Court finds that Mr. Wilson's claims against Mr. Graham and Judge Hearnsberger are *Heck*-barred.

### III. Conclusion

It is therefore ordered that:

1. Mr. Wilson's motion for leave to proceed *in forma pauperis* is granted (Dkt. No. 1).

2. Mr. Wilson's motion to dismiss voluntarily his complaint is granted (Dkt. No. 5).

3. Mr. Wilson's remaining motions are denied as moot (Dkt. No. 3)

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

5. The Clerk of Court is instructed to terminate this case.

So ordered this the 31st day of March, 2018.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE